IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OSCAR BALLESTEROS, | § | |
| | § | |
| *Plaintiff,* | § | SA-23-CV-00554-ESC |
| | § | |
| vs. | § | |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY, | § | |
| | § | |
| *Defendant.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#19] and Affidavit in Support of the Motion [#20]. By his motion, Plaintiff asks the Court to award him attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), as the prevailing party in the above-styled cause of action. The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes entitlement to an award, the Commissioner must pay attorney's fees unless the Commissioner is able to prove that the Commissioner's position was substantially justified, or special circumstances make an award unjust. *Id.*

The record reflects that on February 5, 2024, this Court vacated the Commissioner's decision finding Plaintiff not disabled and remanded this case for further findings and proceedings [#17]. That same day, the Court issued a Final Judgment remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#18]. The Fifth Circuit has held that a party who obtains a remand in a Social Security appeal pursuant to the fourth

1

sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam). Plaintiff's motion also includes an affidavit from Plaintiff asserting that his net assets are worth less than two million dollars. Plaintiff therefore satisfies the financial eligibility requirement for an EAJA fee award. *See* 28 U.S.C. § 2412(d)(2)(B)(i).

Plaintiff further asserts that the Commissioner's position in this case was not substantially justified. The burden of establishing that the Commissioner's position was substantially justified falls on the Commissioner. *Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). Accordingly, Plaintiff need only allege that the position of the Commissioner is not substantially justified. *Id.* Plaintiff has established eligibility for a fee award under the EAJA.

Plaintiff has also established that the amount of fees requested is reasonable. Plaintiff requests fees in the amount of $7,543.52 and costs in the amount of $402.00 for the filing fee to initiate this action. The fee records attached to Plaintiff's motion reflect that Plaintiff's counsel expended 28.6 attorney hours on this case at an hourly rate of $243.13 and 5.9 paralegal hours at a rate of $100.00 per hour. In an EAJA case, a reasonable fee is "based upon prevailing market rates for the kind and quality of the services furnished" and shall not exceed compensation of $125 per hour unless the Court determines that an increase for the cost of living since the EAJA's enactment in 1996 justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff bears the burden of proving that the hours claimed were reasonably expended on the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Court finds that the hourly rate requested is reasonable compensation for an attorney specializing in Social Security appeals with counsel's expertise. Additionally, the proposed adjustment for the cost of living and inflation, which counsel based on the Consumer Price Index

as reported by the Bureau of Labor Statistics, is appropriate.  The Court further finds the hours expended on this litigation are reasonable in light of the results obtained.  Finally, a certificate of conference attached to Plaintiff's motion states that the Commissioner is not opposed to the relief requested in the motion.

In summary, having reviewed the motion and the record, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case and that the amount of the fee award requested is reasonable under the governing standards.  The Court will therefore grant Plaintiff's motion and order the award of the requested amount of fees to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded **$7,543.52 in attorney's fees** pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and **costs in the amount of $402.00** pursuant to 28 U.S.C. § 1920, made payable to Plaintiff and mailed to Plaintiff's counsel at his address of record.  If the U.S. Department of Treasury determines that Plaintiff's EAJA fees are not subject to offset under the Department of Treasury's Offset Program, then the check for EAJA fees, expenses, and costs shall be made payable to Plaintiff's attorney.

**IT IS FURTHER ORDERED** that Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

**IT IS FINALLY ORDERED** that Defendant's payment of this amount is without prejudice to Plaintiff's right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

**IT IS SO ORDERED.**

SIGNED this 3rd day of May, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE